**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 06-70061PBW |
| | * | |
| KEVIN SCOTT KNIGHT | * | CHAPTER: 13 |
| | * | |
| Debtor. | * | JUDGE: Paul W. Bonapfel |

UNSWORN STATEMENT UNDER THE PENALTY OF PERJURY

I, KEVIN SCOTT KNIGHT, under the penalty of perjury, state as follows:

1.

I am paying back two student loans. I currently owe American Education Services a balance of approximately $9,332.77. Because of my bankruptcy, part of this loan has been sent to the guarantor, TERI, in the amount of $5,376.16. Neither American Education Services nor TERI would set up a payment plan with me prior to the confirmation of my bankruptcy. There are no set payments. Beginning in July, 2007, I will be paying $68.00 a month directly to AES and $200 a month to TERI on these loans until my Wachovia loan increases. At that time, these payments will be adjusted accordingly.

2.

I currently owe Wachovia a balance of $44,944.00. I currently pay $182.29 a month on this loan. This amount will increase to $247 in August of 2008 and will increase to $352 in August of 2010. This payment is deducted out of my checking

account each month. I receive a .25 percent reduction of the interest rate on this loan if I have the payments automatically deducted out of my checking account each month. I receive an additional .25 reduction if I able to keep my student loan payments current.

3.

Both student loans are generally not dischargeable in any bankruptcy proceeding.

4.

The increase in the amounts that the unsecured creditors would receive over 60 months if the plan treated all unsecured creditors the same way is de minimis.

5.

The information contained in this affidavit is correct to the best of my knowledge, information and belief.

_____  7/8/2007
KEVIN SCOTT KNIGHT         Date